# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

                             Criminal No. 16-134 (JNE/LIB)

MST MINERALIEN SCHIFFAHRT       ORDER
SPEDITION UND TRANSPORT
GMBH,

      Defendant.

On July 5, 2016, Defendant MST Mineralien Schiffahrt Spedition und Transport GmbH ("MST") pleaded guilty under 33 U.S.C. § 1908(a) to violating the Act to Prevent Pollution from Ships ("APPS"). Dkt. No. 53. The Court accepted MST's guilty plea effective July 25, 2016, and imposed a criminal fine of $800,000, among other sentencing provisions. Dkt. No. 67. The matter is before this Court upon the United States' motion to award $400,000—or one-half of the fine—evenly split between Rusbert Malazarte and Licurgo Porras, two crew members who notified the Coast Guard of the criminal conduct which led to MST's guilty plea. Dkt. No. 72. MST opposes such a "whistleblower" award. Dkt. No. 70.

As the parties acknowledge, the decision whether to grant an award to Malazarte and Porras, and the amount of any such award up to $400,000, is entirely in the Court's discretion. With regard to a criminal fine imposed for a felony violation of MARPOL,[1] APPS, or APPS's implementing regulations, 33 U.S.C. § 1908(a) provides that "[i]n the discretion of the Court, an amount equal to not more than ½ of such fine may be paid to the person giving information leading to conviction."

---

[1] "MARPOL" refers to the 1973 International Convention for the Prevention of Pollution from Ships, as modified by the 1978 Protocol Relating to the International Convention for the Prevention of Pollution from Ships of 1973 ("1978 Protocol").

The factual basis for the plea agreement pursuant to which MST pleaded guilty, Dkt. No. 55, includes the following facts: On multiple occasions between May 2015 and November 2015, at least one senior engineering officer on the ship *M/V Cornelia*, which MST operated, instructed an oiler crewmember to transfer dirty bilge water to the clean bilge tank and then to discharge some of the contents of the clean bilge tank overboard, and the officer then failed to record those transfers and discharges in the vessel's Oil Record Book, in violation of APPS and its implementing regulations.  The knowingly falsified Oil Record Book was presented to the U.S. Coast Guard in the Port of Duluth, Minnesota.  MST agreed that it was vicariously liable for its agents' and/or employees' illegal actions.

The United States contends that Malazarte and Porras took considerable risks in speaking out about the environmental violations that they observed.  It asserts that these crewmembers risked retaliation and abuse and could face lasting repercussions in terms of their ability to find work in the marine shipping industry.  The Government emphasizes that these men provided significant information to the authorities that led directly to the charge to which MST ultimately pleaded guilty, and it questions whether the violations would have ever come to light had these two not stepped forward.  It observes that the purpose of APPS's whistleblower award is to elicit information about violations that can be difficult to discover and prosecute; the award is intended to incentivize coming forward with information despite the risks involved, just as Malazarte and Porras did.

MST argues, on the other hand, that the end goal of APPS and MARPOL is to deter environmental violations, and that by granting sizeable awards to whistleblowers, courts actually incentivize crewmembers to wait to report any suspected violations until their ship calls on an American port, where crewmembers know they may be eligible for such a "windfall"

whistleblower award.  This incentive, MST further argues, disserves APPS and MARPOL's

goals[2] because it discourages crewmembers from promptly reporting any violations directly to

their employer or authorities in other countries where the ship stops before making American

port calls, and thereby prolongs the seas' exposure to any ongoing pollution.

MST goes further in its insinuations with regard to the individual crewmembers in this

case, but those accusations are not well taken.  MST pleaded guilty to a 33 U.S.C. § 1908(a)

violation and accepted its vicarious liability; it cannot now shirk its role in this crime by pointing

its finger at the men who brought the violation to the attention of the authorities.  MST, not

Malazarte and Porras, stands convicted of conduct "contrary to international law."  It seems true

that the men did not make an internal report.  But the materials that MST submitted do not

convince the Court that MST or the crewmembers' manning agency actually encouraged these

crewmembers to internally report any concerns about environmental violations.  To the contrary,

MST's attempts to vilify Malazarte and Porras before this Court only reinforce the impression

that the crewmembers may have had legitimate concerns about what repercussions they might

suffer if they reported internally.  To the extent that MST aims to foster an environment in which

crewmembers feel encouraged and secure in reporting potential violations to MST, the Court

commends that goal and agrees that a robust internal reporting system could more efficiently

prevent pollution in international and United States waters.  A robust reporting system depends

on mutual trust.

Having considered the arguments and materials submitted by each party, the Court

concludes that an award pursuant to 33 U.S.C. § 1908(a) is appropriate in this case, and that

---

[2] A House report identified implementing the 1978 Protocol as the purpose of APPS. H.R. Rep. 96-1224, at 4849 (Aug. 18, 1980).  In its preamble, the 1978 Protocol indicated the intent "to improve further the prevention and control of marine pollution from ships . . . ." 17 I.L.M. 546 (1978).

Malazarte and Porras should each be awarded $51,000.  This amount reflects a rough

approximation of the compensation each would earn over three years, plus $15,000 per person in

recognition of the inconvenience they suffered during the pendency of this action and the risks

they took in contacting the authorities.  The award is not so high, in the Court's judgment, as to

de-incentivize internal reports in international waters.  Rewarding Malazarte and Porras for their

role in this action will serve the goal of § 1908(a) by sufficiently incentivizing future

whistleblowers to shed light on similar environmental violations.  *See United States v. Overseas*

*Shipholding Grp., Inc.*, 625 F.3d 1, 9 (1st Cir. 2010) ("The whole purpose of the discretionary

award to whistleblowers under this statute is to create incentives for the whistleblower to take

risks that may disadvantage the whistleblower in his relationship to his employer.").  The Court

anticipates that Malazarte and Porras may continue to work and reminds MST that it is a

condition of its probation that it not take any adverse action against these two individuals

because of their cooperation.

       Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1. The United States' Motion for Order for Whistleblower Award [Dkt. No. 72] is GRANTED as specified herein.

2. $102,000 of the criminal fine assessed against Defendant MST Mineralien Schiffahrt Spedition und Transport GmbH shall be awarded to and split equally among Rusbert Malazarte and Licurgo Porras.  Thus, Malazarte and Porras will each receive $51,000 from the fine paid by Defendant.

3. When the Clerk of Court has received payment from Defendant MST Mineralien Schiffahrt Spedition und Transport GmbH of the initial installment of the criminal fine imposed in the above-captioned case, the Clerk of Court will issue a check made out to Rusbert Malazarte in the amount of $51,000 USD and another check made out to Licurgo Porras in the amount of $51,000 USD.  The checks will be sent via Federal Express (or other common carrier) to:

U.S. Department of Justice
2nd Floor, NOX 2 Building
Chancery Compound
1201 Roxas Blvd., Ermita
Manila 0930, Philippines
632-301-2000 Ext. 6501
Attention: DOJ Attaché

The checks will then be hand-delivered by Department of Justice personnel to Malazarte and Porras.

Dated: August 12, 2016                                    s/ Joan N. Ericksen
                                                         JOAN N. ERICKSEN
                                                         United States District Judge